Case 2:20-cv-00167 Document 44 Filed on 03/04/21 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-167 |
| | § | |
| EVELYN CASTRO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY DEFENDANTS OCHOA'S AND MURO'S MOTION TO DISMISS
AND TO GRANT DEFENDANT CASTRO'S MOTION TO DISMISS**

Plaintiff Richard Scott Shafer, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) a Motion to Dismiss filed by Defendants Nestor S. Ochoa and Javier Muro (D.E. 34); and (2) a Motion to Dismiss filed by Defendant Evelyn Castro (D.E. 35). For the reasons set forth below, it is respectfully recommended that Defendants Ochoa's and Muro's motion be **DENIED** and Defendant Castro's motion be **GRANTED**.

**I.   JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff's claims and allegations in this action arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

In this case, Plaintiff sued the following McConnell Unit and TDCJ officials: (1) TDCJ Director Davis; (2) Former Head Warden Jeffrey Richardson; (3) Senior Warden Evelyn Castro; (4) TDCJ Director of Chaplaincy Rutledge; (5) Head Chaplain Wright, Head Chaplain; (6) Major John R. Delapp, Jr.; (7) Capt. Sturgis; (8) Capt. Garcia; (9) Lt. Garza; (10) Lt. Muro; (11) Sgt. Garcia; (12) Sgt. Nino; (13) Sgt. Ochoa; (14) Unit Grievance Investigator (UGI) Jessica Garcia; and (15) UGI A. Johnson. Plaintiff sued each defendant in his or her individual and official capacity. Plaintiff sought declaratory, injunctive, and monetary relief.

The undersigned conducted a *Spears*[1] hearing on August 20, 2020. On November 3, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court: (1) retain Plaintiff's excessive force claims against Sgt. Ochoa and Lt. Muro in their individual capacities; (2) retain Plaintiff's excessive force claim against Warden Castro in her official capacity for injunctive relief only; (3) dismiss from this action without prejudice TDCJ Director Davis, TDCJ Director of Chaplaincy Rutledge, Head Chaplain Wright, Capt. Sturgis, Capt. Garcia, Lt. Garza, Sgt. Garcia, and Sgt. Nino be from this action; (4) dismiss Plaintiff's claims for money damages against all individuals Defendants in their official capacities as barred by the Eleventh

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Amendment; and (5) dismiss with prejudice Plaintiff's claims against the remaining defendants for failure to state a claim and/or as frivolous. (D.E. 24). The undersigned ordered service of Plaintiff's complaint on Sgt. Ochoa, Lt. Muro, and Warden Castro. (D.E. 27). United States District Judge David S. Morales subsequently adopted the M&R. (D.E. 38).

On December 21, 2020, Sgt. Ochoa and Lt. Muro filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 34). That same day, Warden Castro filed a Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). (D.E. 35). Plaintiff has filed a response to both motions. (D.E. 39).

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations have been fully set forth in the M&R. (D.E. 24, pp. 3-8). These allegations are incorporated by reference herein. Plaintiff's allegations relevant to Defendants' motions to dismiss are summarized as follows.

Plaintiff, who is a former military police officer, is 50 years old, stands 6'00" tall, and weighs 225 pounds. Plaintiff has no cartilage in one of his knees and he suffers from back problems. Plaintiff was informed in 2011 that he needed knee replacement surgery. With regard to his back issue, Plaintiff has an enlarged disc pressing against his nerves which causes Plaintiff to suffer a lot of pain.

On September 26, 2019, Plaintiff was transferred from the Coffield Unit to the McConnell Unit. When Plaintiff initially refused to accept a housing assignment due to his fear of living closely with certain gang members, Sgt. Ochoa told Plaintiff to return to the pod and accept his housing. After refusing again, Sgt. Ochoa handcuffed Plaintiff

behind his back and again directed him to return to the pod and accept his housing or else Plaintiff's property would be thrown into the pod.

Sgt. Ochoa escorted Plaintiff outside and placed him in the custody of another officer. Several officers including Lt. Muro arrived on the scene. Lt. Muro commanded Plaintiff to accept the housing assignment. Plaintiff refused and explained that his life was in danger. Lt. Muro warned Plaintiff that he was going to be sprayed, placed in a gurney, and wheeled into the cell.

Plaintiff refused Lt. Muro's orders due to his belief that his life was in danger. Lt. Muro and Sgt. Ochoa ordered other officers to force Plaintiff to the ground. Plaintiff advised Lt. Muro that he had a bad back and knees as well as medical restrictions. The officers, under the orders from Lt. Muro and Sgt. Ochoa, forced Plaintiff to the ground on his belly, placed a knee in his back, and held Plaintiff's legs. Ankle cuffs were placed on Plaintiff. Lt. Muro informed Plaintiff that he would be carried to the G-pod unless he voluntarily submitted to do so on his own. Plaintiff refused, telling Lt. Muro that his life was in danger from offenders in that pod. Plaintiff further stated while he was on the ground that he wanted an Offender Protection Investigation (OPI).

Lt. Muro and another officer proceeded to walk Plaintiff to the infirmary following the use of force for a wellness check. Plaintiff's blood pressure and heart rate were highly elevated. Plaintiff testified at the *Spears* hearing that he suffered "lasting pain" as a result of the use of force, which made it excruciating for him to move around. (D.E. 20, p. 24).

## IV. LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

Rule12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

V.     **DISCUSSION**

   A.     **Warden Castro's Motion to Dismiss**

Warden Castro contends in her Motion to Dismiss that Plaintiff lacks standing with respect to his claim seeking injunctive relief. (D.E. 35, pp. 2-4). A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (2011). Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

As "the party invoking federal jurisdiction," Plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. He must meet this burden "'with

the manner and degree of evidence required at the successive stages of the litigation,'" which means that "on a motion to dismiss, plaintiffs must allege facts that give rise to a plausible claim of ... standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).

To the extent that Plaintiff seeks injunctive relief against Warden Castro, Defendants contend that Plaintiff lacks standing because he has not alleged anything more than a speculative injury and cannot show that a favorable decision will redress his complaints. (D.E. 35, p. 3). Plaintiff does not respond directly to Defendants' contentions regarding standing, contending instead that Warden Castro should be liable for failing to answer his complaints and allowing those responsible for his injuries to go unpunished. (D.E. 39, p. 5).

While not specifically indicating what injunctive relief he seeks as to his excessive force claim, Plaintiff generally seeks the implementation of revised policies to address officers who engage in the mistreatment of offenders. (D.E. 1-6). The fact that Plaintiff may be subjected to excessive force by officers in the future is nothing more than speculation and fails to indicate that such injury is "actual or imminent." *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is *certainly* impending) (emphasis in original) (citation omitted).

Plaintiff alleges nothing to suggest a substantial risk that he will be subjected to future excessive force at the hands of Lt. Muro and Sgt. Ochoa. Plaintiff, therefore, has

alleged nothing more than speculative injuries with respect to his request for injunctive relief. Because Plaintiff's allegations, accepted as true, fail to state a plausible claim of standing with respect to his request for injunctive relief, the undersigned respectfully recommends that Warden Castro's Rule 12(b)(1) Motion to Dismiss be granted and that Plaintiff's claim against her be dismissed for lack of subject matter jurisdiction.[2]

### B. Defendants Ochoa and Muro's Motion to Dismiss

#### (1) Excessive Force

Plaintiff claims that Defendants Ochoa and Muro used excessive force against him. Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992). The five *Hudson* factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

---

[2] Based on the recommendation that Plaintiff's claim against Warden Castro be dismissed for lack of standing, it is unnecessary to address Warden Castro's arguments seeking dismissal of such claims under Rule 12(b)(6).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Hudson*, 503 U.S. at 4. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Supreme Court explained that "the core judicial inquiry [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (citations omitted).

Defendants contend in their Motion to Dismiss that, when considering each of the five *Hudson* factors, Plaintiff has failed to state an excessive force claim against them. (D.E. 34, pp. 4-8). Plaintiff responds that Defendants Ochoa and Muro used force deliberately and in a malicious manner, thereby agitating his pre-existing back and knee conditions as well as causing him excessive and lasting pain. (D.E. 39, pp.7-9).

The undersigned has previously evaluated Plaintiff's allegations and excessive force claim against Defendants Ochoa and Muro under the Rule 12(b)(6) standard. (*See* D.E. 24). As summarized in the M&R, Plaintiff alleges in relevant part that: (1) he refused the orders of Sgt. Ochoa and Lt. Muro to accept his cell assignment because he felt his life was in danger; (2) Lt. Muro and Sgt. Ochoa ordered other officers to force Plaintiff to the ground despite knowing that Plaintiff had a bad back and knees as well as medical restrictions; (3) under the orders of Lt. Muro and Sgt. Ochoa, officers forced Plaintiff to the ground on his belly, placed a knee in his back, and held Plaintiff's legs; (4) ankle cuffs were placed on Plaintiff; (5) after the use of force, Plaintiff was taken to

the infirmary; and (6) Plaintiff has suffered lasting and excruciating pain as a result of the use of force.  (D.E. 24, p. 12).

The undersigned concluded in the M&R that Plaintiff's allegations were sufficient to state an excessive force claim against these defendants in their individual capacities for monetary relief.  (D.E. 24, pp. 11-12).  The District Judge subsequently adopted the M&R.  Defendants raise no arguments to cause the undersigned to effectively reconsider whether Plaintiff's allegations against Defendants Ochoa and Muro are sufficient under the Rule 12(b)(6) standard to state a claim for relief.  Taken as true, Plaintiff's allegations suggest that Defendants Ochoa and Muro ordered the use of force against Plaintiff maliciously and sadistically and that Plaintiff suffered more than a *de minimis* injury as a result of the use of force.  Because Plaintiff has stated plausible claims of excessive force against Defendants Ochoa and Muro in their individual capacities for monetary relief, Defendants' Motion to Dismiss (D.E. 34) should be denied as to this claim.

### *(2)   Qualified Immunity*

Defendants Ochoa and Muro contend that they are entitled to qualified immunity which shields them from constitutional liability in their individual capacities.  (D.E. 34, pp. 2-9).  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "To discharge this burden, the plaintiff must satisfy a two-prong test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). First, he must claim that the defendant committed a constitutional violation under current law. *Id.* Second, he must claim that the defendant's action was objectively reasonable in light of the law that was clearly established at the time of the complained-of actions. *Id.*

As discussed above, Plaintiff has stated plausible excessive force claims against Defendants Ochoa and Muro. Based on Plaintiff's allegations set forth in Plaintiff's complaint and at the *Spears* hearing, the undersigned cannot conclude at this time that these defendants acted objectively reasonable in light of clearly established law. Because Defendants Ochoa and Muro are not entitled to qualified immunity at this time, the undersigned respectfully recommends that Defendants' Motion to Dismiss (D.E. 34) be denied on the issue of qualified immunity.[3]

## VI. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court **DENY** Defendants Ochoa's and Muro's Motion to Dismiss (D.E. 34), **GRANT** Defendant Castro's Motion to Dismiss (D.E. 35), and **DISMISS** Plaintiff's claims for injunctive

---

[3] Any decision to deny the Motion to Dismiss on the issue of qualified immunity is without prejudice to Defendants Ochoa and Muro reasserting same through an appropriate motion for summary judgment. Indeed, the discovery process may reveal additional facts that entitle these defendants to qualified immunity on Plaintiff's excessive force claims. *See Zollicoffer v. Livingston*, 169 F. Supp. 3d 687, 698 (S.D. Tex. 2016).

relief against Defendant Castro in her official capacity for lack of subject matter jurisdiction.

Respectfully submitted this 4th day of March 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).