UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-167 |
| | § | |
| JAVIER MURO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Richard Scott Shafer, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Preliminary Injunction and/or Protective Order. (D.E. 58). For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

**I.   JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

1 / 7

## II. BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff's claims and allegations in this action arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

In this case, Plaintiff has sued numerous McConnell Unit and TDCJ officials in their individual and official capacities. Plaintiff sought declaratory, injunctive, and monetary relief.

The undersigned conducted a *Spears*[1] hearing on August 20, 2020. On November 3, 2020, the undersigned issued a Memorandum and Recommendation (November 3, 2020 M&R), recommending that the Court retain only Plaintiff's excessive force claims against Sgt. Ochoa and Lt. Muro in their individual capacities and excessive force claim against Warden Castro in her official capacity for injunctive relief only. (D.E. 24). The undersigned, therefore, ordered service of Plaintiff's complaint on Defendants Ochoa, Muro, and Castro. (D.E. 27). District Judge David S. Morales subsequently adopted the November 3, 2020 M&R. (D.E. 38).

On December 21, 2020, Defendants Ochoa, Muro, and Castro filed two motions to dismiss. (D.E. 34, 35). On March 4, 2021, the undersigned issued a Memorandum and Recommendation (March 4, 2021 M&R), recommending that the Court deny the motion to dismiss filed by Defendants Ochoa and Muro, grant Defendant Castro's motion to dismiss (D.E. 35), and dismiss Plaintiff's claims for injunctive relief against Defendant

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Castro in her official capacity for lack of subject matter jurisdiction. (D.E. 44). District Judge Morales subsequently adopted the March 4, 2021 M&R. (D.E. 54).

On April 1, 2021, Defendants Muro and Ochoa (collectively "Defendants") filed their answer. (D.E. 52). Plaintiff has filed a Motion for Preliminary Injunction and/or Protective Order, which the undersigned construes as a motion seeking preliminary injunctive relief. (D.E. 58). Plaintiff asks the Court to direct Defendants and any other TDCJ official from moving Plaintiff to another prison or to another housing area within the McConnell Unit. (D.E. 58, p. 1). Plaintiff further asks the Court to direct Defendants and any other official working with them from engaging in any retaliatory acts against Plaintiff. (D.E. 58, pp. 1-2). Defendants respond that Plaintiff cannot satisfy any of the elements required for establishing an entitlement to preliminary injunctive relief. (D.E. 60).

Plaintiff's relevant allegations have been set forth in the March 4, 2021 M&R. (D.E. 44, pp. 3-4). These allegations are incorporated by reference herein.

## III.   DISCUSSION

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for

its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

### A. Substantial Likelihood of Success on the Merits

To obtain preliminary injunctive relief, Plaintiff first must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado*, 729 F.3d at 417. Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992).

Other than offering a conclusory statement, Plaintiff fails to present any arguments or evidence to demonstrate a likelihood of success on the merits as to any of his excessive force claims against Defendants. *Sepulvado*, 729 F.3d at 417. Defendants, on the other hand have presented numerous exhibits in an effort to show that Plaintiff failed to properly exhaust his administrative remedies with respect to his claims, that Plaintiff did not suffer more than a *de minimis* injury, and that Defendants did not apply force in a malicious and sadistic manner. (D.E. 60). While the Court has determined Plaintiff's allegations were sufficient to state excessive force claims against Defendants, Plaintiff

has failed to establish at this time a substantial likelihood of success on the merits of such claims.

### B. Irreparable Harm

Second, in order to obtain preliminary injunctive relief, Plaintiff must show he will suffer irreparable harm if the injunction is denied. *Sepulvado*, 729 F.3d at 417. Even assuming Plaintiff could demonstrate a likelihood of success on the merits of his claims, he has not shown a substantial threat of an irreparable injury. Plaintiff has presented no evidence to suggest that he will be moved either to another prison or to another building within the McConnell Unit. He further provides nothing to show that prison officials are retaliating against him or that he is currently at risk of imminent harm. Because his complaints of irreparable harm are speculative at best, he cannot demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied.

### C. Remaining Elements

Under the third and fourth elements, Plaintiff must demonstrate that the threatened injury outweighs any damage that the injunction might cause the defendant and that the injunction will not disserve the public interest. *Sepulvado*, 729 F.3d at 417. His allegations of irreparable harm do not amount to a constitutional violation at this stage in the proceedings, and in the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of a state prison system. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

Lastly, interference with TDCJ policies related to housing assignments, as well as maintaining internal order and discipline, at this early stage in the proceedings would not be in the public's interest without a without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See Kahey*, 836 F.2d at 951. Accordingly, Plaintiff has failed to demonstrate either the third or fourth elements of the preliminary injunctive standard.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunctive relief (D.E. 58) be **DENIED**.

Respectfully submitted this 25th day of May 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).